

+1 (702) 500-9000
hello@boxabl.com
www.boxabl.com
5345 E N Belt Rd. North Las Vegas. NV 89115

# Confidentiality and Non-Solicitation Agreement

This Confidentiality and Non-Solicitation Agreement (this "Agreement") is made by and between Boxabl Inc., a Nevada corporation ("Boxabl" or "Company") and the employee set forth on the signature page below ("you" or "your").

WHEREAS, (i) Boxabl and you acknowledge that during the course of your employment with Boxabl, you have or will come to possess, and have helped or will help Boxabl develop valuable proprietary information, trade secrets and other confidential information belonging to Boxabl and which have been, are, or may be, instrumental to the development and/or maintenance of goodwill with Boxabl's customers; (ii) Boxabl and you acknowledge that such proprietary information, trade secrets, confidential information and goodwill are valuable assets of Boxabl and Boxabl has a legitimate interest in protecting itself from disclosure or misappropriation of such information and from interference with its goodwill relationships with its customers; (iii) Boxabl has made a material investment of time, effort, and money in its confidential information and trade secrets, and has taken significant measures to preserve and maintain the confidential nature of its confidential information and trade secrets; (iv) confidential information and trade secrets are highly valuable to Boxabl and allow Boxabl to remain competitive and accomplish its business objectives; and (v) Boxabl and you agree that for purposes of protecting Boxabl from disclosure or misappropriation of Boxabl's proprietary information, trade secrets and other confidential information and protecting its goodwill relationships with its customers, it shall be a condition of your employment or continued employment with Boxabl that you execute and deliver this Agreement.  In this Agreement, the capitalized terms are defined in Section 6.

NOW, THEREFORE, for good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties agree as follows:

SECTION 1. Confidentiality of Confidential Information and Trade Secrets.

(a) Except as provided below, during your employment with Boxabl, and during the Reasonable Duration, you will (A) hold in trust, keep confidential and not divulge, furnish, sell, or make accessible to any Person any Confidential Information or Trade Secrets, and (B) use the Confidential Information and Trade Secrets solely for the purpose of performing your duties of employment and not for your own benefit or the benefit of any other Person.  You are not permitted to access any Boxabl information, including but not limited to Confidential Information and Trade Secrets, unless you have been authorized and directed to access such information by Boxabl, or you have a direct business need to access such information in the furtherance of your job duties.   You also affirm that you have not made any prior disclosures of Confidential Information or Trade Secrets that, if made after signing this Agreement, would have violated your obligations under this Section of the Agreement.  You further agree to take all reasonable actions to assure proper precautions have been taken to prevent unauthorized access to, the disclosure of, or the loss or destruction of Confidential Information and Trade Secrets.



+1 (702) 500-9000
hello@boxabl.com
www.boxabl.com
5345 E N Belt Rd. North Las Vegas. NV 89115

(b)     You shall be permitted to disclose Confidential Information or Trade Secrets to the extent, but only to the extent, (A) Boxabl provides its express prior written consent to such disclosure, (B) necessary to perform the duties of your employment; or (C) required by law; provided, that prior to making any disclosure of Confidential Information or Trade Secrets (whether pursuant to a deposition, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand, or other similar process), you notify Boxabl of your intent to make such disclosure, so that Boxabl may seek a protective order or other appropriate remedy and may participate with you in determining the amount and type of Confidential Information or Trade Secrets, if any, which must be disclosed in order to comply with applicable law.

(c)     <u>Limited Exceptions</u>.  This Agreement does not limit your ability to communicate with any government agencies regarding matters within their jurisdiction or otherwise participate in any investigation or proceeding that may be conducted by any government agency, including providing documents or other information, without notice to Boxabl.  Nothing in this Agreement shall prevent you from the disclosure of Confidential Information or Trade Secrets that:  (A) is made:  (i) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (B) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.  In the event that you file a lawsuit alleging retaliation by Boxabl for reporting a suspected violation of law, you may disclose Confidential Information or Trade Secrets related to the suspected violation of law or alleged retaliation to your attorney and use the Confidential Information or Trade Secrets in the court proceeding if you or your attorney:   (Y) files any document containing Confidential Information or Trade Secrets under seal; and (Z) does not disclose the Confidential Information or Trade Secrets, except pursuant to court order.   Boxabl provides this notice in compliance with the Defend Trade Secrets Act of 2017.

SECTION 2. <u>Protection of Documents.</u>  On the Termination Date, or at any time upon request by Boxabl, you shall return to Boxabl all Boxabl property, including but not limited to, all Confidential Information and Trade Secrets which are in tangible form and which are then in your possession. You will not have in your possession any Confidential Information or Trade Secrets after the Termination Date. You further agree that, at the request of Boxabl, you will execute a written statement certifying that you have complied with the requirements of this Section 2.  As between Boxabl and you, Boxabl retains its entire right, title, and interest in and to all Confidential Information and Trade Secrets, and no disclosure of Confidential Information or Trade Secrets to you will be construed as a license, assignment, or other transfer of any right, title, and interest to you or any other person.

SECTION 3. <u>Ownership and Use of Intellectual Property</u>.

(a)     Any Intellectual Property made, conceived, developed, or reduced to practice, or caused to be made, conceived, developed, or reduced to practice, by you, alone or in conjunction with others, during your employment with Boxabl (regardless of whether such employment occurs before and/or after the date of this Agreement) will be deemed to have been made or developed by you solely for the benefit of Boxabl, will be held in trust for the exclusive use and benefit of



+1 (702) 500-9000
hello@boxabl.com
www.boxabl.com
5345 E N Belt Rd. North Las Vegas. NV 89115

Boxabl, and will be the sole and exclusive property of Boxabl.  You have not and will not, either during your employment with Boxabl (regardless of whether such employment occurs before and/or after the date of this Agreement) or at any time thereafter, use or disclose to any Person such Intellectual Property, except as expressly authorized by in writing.

(b)     You agree to assign, and do hereby assign, to Boxabl all right, title, and interest in and to any such Intellectual Property, including, without limitation, any "moral" rights which you may have therein under any copyright law or other similar law, and you further agree, during your employment with Boxabl (regardless of whether such employment occurs before and/or after the date of this Agreement) and at any time thereafter, at Boxabl's request and expense but without further consideration, to review, execute, acknowledge, and deliver any and all papers necessary to secure legal protection for Boxabl therefore in any country in the world, including, but not limited to, applications for patents, trademarks, service marks, and copyrights, and to execute any oath or declaration and verify any document in connection with carrying out the terms of this Agreement.

(c)     In the event Boxabl is unable for any reason whatsoever to secure your signature to any lawful and necessary documents required, including those necessary for the assignment of, application for, or prosecution of any United States or foreign applications for letters patent or copyright, you hereby irrevocably designate and appoint Boxabl and its duly authorized officers and agents as agent and attorney-in-fact, to act for and in on your behalf and stead to execute and file any such application and to do all other lawfully permitted acts to further the assignment, prosecution, and issuance of letters patent or copyright thereon with the same legal force and effect as if executed by you.  You hereby waive and quitclaim to Boxabl any and all claims of any nature whatsoever which you may now have or may hereafter have for infringement of any patent or copyright resulting from any such application.

(d)     You agree that any copyrights in Works of Authorship that have been or will be produced by you during your employment will be considered a "work for hire" as defined by Title 17 of the United States Code and will belong solely to Boxabl.

(e)     You represent that all Works of Authorship that have been or will be produced by you during your employment are your original creations, and do not (when used by Boxabl for any purpose) infringe, or otherwise violate or misappropriate any patent, copyright, trade secret, trademark or other intellectual property or proprietary right held by any Person.  You represent that you have not previously incorporated and will not incorporate into such works any third-party product, software, or other materials for which the intellectual property rights are not owned solely by you, without the express written permission of Boxabl, and that you have not previously granted, and will not grant, any rights in such works or in any Intellectual Property that are inconsistent with the rights granted to Boxabl herein.

SECTION 4.  Non-Disparagement.  Both now and at all times thereafter, you will not make any malicious, false, misleading, defamatory, disparaging or derogatory statements to anyone about Boxabl, its suppliers, customers or its products, or about any of the directors, officers, employees, representatives or agents of Boxabl (with Boxabl, "Protected Parties"), or make any statement in



+1 (702) 500-9000
hello@boxabl.com
www.boxabl.com
5345 E N Belt Rd. North Las Vegas. NV 89115

detraction of any of the Protective Parties, or make any statement calculated to have, or having, the effect of lowering or diminishing the value, esteem, public perception or reputation of any of the Protected Parties, whether orally or in writing (including through social media posts, blogs, etc.). This Section does not in any way restrict or impede you from exercising protected rights, including rights under the National Labor Relations Act (NLRA), or the federal securities laws, including the Dodd-Frank Act, to the extent that such rights cannot be waived by agreement, or from complying with any applicable law or regulation or a valid order of a court of competent jurisdiction or an authorized government agency, provided that such compliance does not exceed that required by the law, regulation, or order.

SECTION 5.  Non-Solicitation.

Non-Solicitation of Employees

You understand and acknowledge that the Company has expended and continues to expend significant time and expense in recruiting and training its employees and that the loss of employees would cause significant and irreparable harm to the Company. You agree and covenant not to directly or indirectly solicit, hire, or recruit for your own benefit or the benefit of any other person, or so attempt to solicit, hire, or recruit, any employee of the Company or any employee who has been employed by the Company in the eighteen (18) months before your last day of active employment (collectively, "Covered Employee"), or induce any Covered Employee to terminate their employment for eighteen (18) months immediately following the termination of your employment with the Company, regardless of the reason for the termination, whether voluntary or involuntary.

This non-solicitation provision explicitly covers all forms of oral, written, or electronic communication, including, but not limited to, communications by email, regular mail, express mail, telephone, fax, instant message, and social media, including, but not limited to, Facebook, LinkedIn, Instagram, and Twitter, and any other social media platform, whether or not in existence at the time of entering into this Agreement. However, it will not be deemed a violation of this Agreement if you merely update your LinkedIn profile/social media status to reflect your new employment without engaging in any other substantive communication, by social media or otherwise, that is prohibited by this Section.

This Section does not restrict or impede, in any way, and shall not be interpreted or understood as restricting or impeding, you from discussing the terms and conditions of your employment with co-workers or union representatives/exercising your rights under Section 7 of the National Labor Relations Act (NLRA)/exercising protected rights that cannot be waived by agreement.

Non-Solicitation of Investors

You understand and acknowledge that because of your experience with, training by, and relationship to the Company, you will have access to and learn about the Company's investor information. This includes, but is not limited to, names, phone numbers, addresses, email addresses and other information identifying facts and circumstances specific to the investor.



+1 (702) 500-9000
hello@boxabl.com
www.boxabl.com
5345 E N Belt Rd. North Las Vegas. NV 89115

You understand and acknowledge that the loss of any such investor relationship will cause significant and irreparable harm to the Company.

You agree and covenant not to directly or indirectly contact, or attempt to contact, using any form of oral, written, or electronic communications, the Company's current, former, or prospective investors during your employment and for eighteen (18) months immediately following the termination of your employment with the Company.

Communications include, but are not limited to, email, regular mail, express mail, telephone, fax, or instant message, or social media, including but not limited to Facebook, LinkedIn, Instagram or Twitter, or any other social media platform, whether or not in existence at the time of entering into this agreement. However, it will not be deemed a violation of this Agreement if you merely updates your LinkedIn or other social media profile to reflect your new employment without engaging in any other substantive communication, by social media or otherwise, that is prohibited by this Section.

SECTION 6.  <u>Definitions.</u>  As used herein:

"<u>Boxabl Customer(s)</u>" means (i) the actual customers of Boxabl, and (ii) those active prospective customers of Boxabl, which, in each case, you alone, or in combination with others, handled, serviced, or solicited at any time during the one (1) year period immediately preceding the Termination Date.  In the case of a corporate customer, "Boxabl Customer" will mean, in addition to the corporate customer itself, the individual representative of the corporate customer and his or her successor or equivalent within the organizational subdivision of the corporate customer on behalf of which he or she patronized Boxabl, any organizational subdivision of the corporate customer on behalf of which such individual representative has patronized Boxabl, and any organizational subdivision of the corporate customer referred to you by such individual representative.

"<u>Confidential Information</u>" means all information concerning or related to Boxabl that is not known by, or readily available to the public (whether prepared by Boxabl, its affiliates or advisors, or otherwise, and regardless of the form in which such information appears and whether or not such information has been reduced to a tangible form), and shall specifically include, without limitation, the following non-public information and documents:   (A) Boxabl's Trade Secrets, processes, techniques, formulas, methods, ideas, proprietary software, source and object code, product ingredient properties and specifications, product formulations, production processes, research and development projects, know-how, and other intellectual property; (B) Boxabl's specialized or unique pricing; advertising and marketing strategies; financial statements; audit reports; budgets; business methods; and business plans or forecasts; (C) Boxabl's Customer and Boxabl Customers' preferences and historical products and services provided to such Boxabl Customers; (D) Boxabl's referral sources and agreements relating thereto; (E) Boxabl's licenses and licensees, and agreements relating thereto; (F) Boxabl's strategic alliance and partnership agreements; (G) Boxabl's methods, procedures, and strategies utilized in identifying prospective Boxabl Customer and referral sources and in soliciting the business thereof, and in marketing, pricing, applying and delivering the products and services of Boxabl; (H) information from Boxabl



+1 (702) 500-9000
hello@boxabl.com
www.boxabl.com
5345 E N Belt Rd. North Las Vegas. NV 89115

Customers and prospective customers that has been designated and/or treated as confidential or proprietary by such Boxabl Customers or prospective customers and that has been entrusted to Boxabl as confidential; and (I) all analyses, compilations, forecasts, data studies, notes, translations, memoranda, or other documents or materials, prepared by or for you containing, based on, generated or derived from, in whole or in part, any Confidential Information. "Confidential Information" will not include information that (i) is or becomes part of the public domain through no fault of your own; (ii) is already known to you and has been identified by you to Boxabl in writing prior to the commencement of your employment with Boxabl; or (iii) is subsequently lawfully received by you from a third party not subject to confidentiality restrictions.

"Intellectual Property" means any and all Inventions; Works of Authorship; Trade Secrets; patents; patentable subject matter irrespective of whether a patent application has been filed; trademarks; mask works; service marks, logos, ad text, brochures; copyrights; copyrightable subject matter; and any other intellectual property conceived, created, developed, discovered, or reduced to practice while you are employed by Boxabl (regardless of whether such employment occurs before and/or after the date of this Agreement) and that (i) relate directly or indirectly to the business of Boxabl or to the actual or demonstrably anticipated research or development of Boxabl, (ii) result from or are suggested by the services or any work assigned to or performed by you for Boxabl, or (iii) are used to develop or improve any Boxabl equipment, supplies, facility, product, software, service, or Trade Secret, whether or not such Intellectual Property is developed entirely on your own time and with or without use of Boxabl property; provided, that Intellectual Property expressly includes, without limitation, the software created by you for Boxabl and all Inventions, Works of Authorship and other intellectual property related to such software.

"Invention(s)" means any and all discoveries, improvements, ideas, concepts, creative works, and designs, whether or not in writing or reduced to practice, and whether or not they are patentable, including, but not limited to, processes, methods, formulas, and techniques and know-how.

"Person" means any corporation, partnership, limited liability company, association, group, trust, estate, firm, individual, governmental body or agency, or other legal entity.

"Reasonable Duration" with regard to Trade Secrets, means that the obligations and duties under this Agreement shall remain in effect as long as the information constitutes a trade secret under applicable law.  With regard to Confidential Information, "Reasonable Duration" means that the obligations and duties under this Agreement shall remain in effect so long as the Boxabl treats the information as confidential and/or is obligated to treat the information as confidential.  In the event something qualifies as both a Trade Secret and Confidential Information, the obligations and duties under this Agreement shall remain in effect for the longer of the period of time the information constitutes a trade secret under applicable law or the period of time that Boxabl treats the information as confidential.

"Termination Date" means the date on which your employment with Boxabl is terminated by either Boxabl or you.



+1 (702) 500-9000
hello@boxabl.com
www.boxabl.com
5345 E N Belt Rd. North Las Vegas. NV 89115

"Trade Secrets" means information, including a formula, pattern, compilation, program, device, method, technique or process, that: (A) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (B) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.  Trade Secrets may be developed by Boxabl and/or made known to or acquired by Boxabl from an affiliate, parent, subsidiary, division, shareholder, member, director, manager, employee, contractor, staff member, officer, or agent of Boxabl, third party, or Boxabl Customer.

"Works of Authorship" means those works fixed in any tangible medium of expression from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, whether or not they are copyrightable.

SECTION 7. Acknowledgements.  In signing this Agreement, you give Boxabl assurance that you have carefully read and considered all the terms and conditions of this Agreement. You agree that the restraints contained in this Agreement are necessary for the reasonable and proper protection of Boxabl. You acknowledge that the restraints contained in this Agreement have a unique, very substantial, and immeasurable value to Boxabl and that in the event that you breach such restraints, monetary damages would be an insufficient remedy for Boxabl and equitable enforcement of the covenants herein would be proper. You agree to waive any claim or defense that Boxabl has an adequate remedy at law in any proceeding in respect of this Agreement. Nothing herein shall limit the equitable or available remedies at law for Boxabl.

SECTION 8. Governing Law. This Agreement and all matters relating hereto are governed by, and construed in accordance with, the laws of the State of Nevada, without regard to the conflict of laws provisions of such State.  All disputes arising from or related to this Agreement shall be subject to the terms of the Arbitration Agreement entered into by you and the Company.

SECTION 9. Assignment. This Agreement will inure to the benefit of Boxabl, and each of Boxabl's respective successors, executors, administrators, heirs, and assigns, provided that this Agreement may not be assigned by you without the prior written consent of Boxabl.

SECTION 10. Waiver. No waiver by Boxabl of any breach of this Agreement shall be a waiver of any preceding or succeeding breach.  No waiver by Boxabl of any right under this Agreement shall be construed as a waiver of any other right.

SECTION 11. Entire Agreement. This Agreement is the entire agreement of the parties regarding its subject matter, and supersedes all prior and contemporaneous understandings, agreements, representations, and warranties, whether written or oral, regarding such subject matter.  This Agreement may only be amended, modified, waived, or supplemented by an agreement in writing signed by both parties. This Agreement does not in any way impede the enforcement of the terms of the Arbitration Agreement entered into by you and the Company.

SECTION 12. Severability. Each provision of this Agreement is intended to be severable.  If any provision of this Agreement is found by a court or arbitral authority of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, or enforceable only if modified, such finding



+1 (702) 500-9000
hello@boxabl.com
www.boxabl.com
5345 E N Belt Rd. North Las Vegas. NV 89115

shall not affect the validity of the remainder of this Agreement, which shall remain in full force and effect and continue to be binding on the parties.

The parties further agree that any such court or arbitral authority is expressly authorized to modify any such invalid, illegal, or unenforceable provision of this Agreement instead of severing the provision from this Agreement in its entirety, whether by rewriting, deleting, or adding to the offending provision, or by making such other modifications as it deems necessary to carry out the intent and agreement of the parties as embodied in this Agreement to the maximum extent permitted by law.

Any such modification shall become a part of and treated as though originally set forth in this Agreement. If such provision or provisions are not modified, this Agreement shall be construed as if such invalid, illegal, or unenforceable provisions had not been set forth in it. The parties expressly agree that this Agreement as so modified by the court or arbitral authority shall be binding on and enforceable against each of them.

By signing below, you agree to be bound by this Confidentiality and Non-Solicitation Agreement. <u>By issuance of this Agreement, the Company agrees it is bound by its terms without signing it. This Agreement is binding on the Company and the Employee upon the Employee executing the Agreement, without regard to whether the Company signs the Agreement.</u>

| EMPLOYEE | BOXABL INC. |
|---|---|
| Print Name: Jonathan Garman | Print Name: Shermara Walker |
| Signature: *Jonathan Garman* | Signature: *Shermara Walker* |
| Date: 09/30/2022 | Date: 10/03/2022 |

8

