UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BOXABL INC., <br>     Plaintiff(s), <br> v. <br> JONATHAN GARMAN, <br>     Defendant(s). | Case No. 2:23-cv-01213-RFB-NJK <br><br> **Order** <br><br> [Docket Nos. 53, 54] |

Pending before the Court are Defendant Jonathan Garman's motions for protective order and to quash subpoenas. Docket Nos. 53, 54. For the reasons discussed below, the motions are **DENIED** without prejudice.

I.     **PARTY DISCOVERY**

The motions seek broad rulings that are not addressing specific objections to particular discovery requests:

> This is not a typical discovery motion that seeks to clarify the scope of a few discovery requests or obtain a ruling on the scope of a single deposition. This motion is about the scope of this case as a whole, and what discovery is relevant to the claims that Boxabl has chosen to plead in this matter.

Docket No. 53 at 7. The motion then lists examples of discovery items Defendant believes are improper with the caveat that there are other improper discovery requests that are not included. *See* Docket No. 53 at 11. While Defendant may seek a broad, case-wide ruling, he provides no legal authority that such an approach is proper or warranted. The ordinary course for discovery disputes is that the parties confer on the specific objections lodged to particular discovery requests and, if that conferral effort is unsuccessful, the parties seek a judicial ruling on the validity of the specific objections in the context of the particular discovery requests in dispute. *See, e.g.,*

*PlayStudios, Inc. v. Centerboard Advisors, Inc.*, 2019 WL 1102194, at *2 (D. Nev. Mar. 8, 2019).[1] The Court has been provided no reason to scrap the normal process and to instead issue broad rulings untethered to specific objections to particular requests.

Perhaps because of the unusual nature of the ruling sought, the motion does not provide meaningfully developed argument in support of the objections lodged. For those discovery items that are actually identified, the motion lists in conclusory fashion the objections to that discovery request. *See* Docket No. 53 at 7-9. That is not enough. Courts only address well-developed arguments, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013), a requirement that applies with equal force to discovery motion practice, *see, e.g.*, *On Demand Direct Response, LLC v. McCart-Pollak*, 2018 WL 2014067, at *1 & n.2 (D. Nev. Apr. 30, 2018). "Parties may not merely identify an objection or response in seeking judicial intervention." *Oliva v. Cox Comms. Las Vegas, Inc.*, 2018 WL 6171780, at *4 (D. Nev. Nov. 26, 2018).[2]

In short, the aspect of these motions regarding discovery from Defendant Garman fails to justify obtaining broad-based relief (as opposed to objection/request specific relief) and fails to provide meaningfully developed argument supported by legal authority.[3]

## II.   NON-PARTY SUBPOENAS

The motions seek relief with respect to nonparty deposition subpoenas served on Ehlers and Murray. In addition to the problems identified above, this aspect of the motion presents at least two additional concerns.

---

[1] A ruling on a particular objection might well implicate other discovery requests, but the ruling is still made in the context of a specific objection to a particular request. If during the conferral efforts the parties can agree that a ruling on a specific objection to a particular request applies more broadly, then the parties may agree to apply that ruling as something of a bellwether to other discovery requests.

[2] Outside the general standard section of the motion, the papers are largely devoid of legal citations.

[3] The motion also seeks a protective order regarding documents that may be used as exhibits during deposition. *See* Docket No. 53 at 15-16. Courts do not generally resolve arguments based on speculation as to what may (or may not) happen at a future deposition, *see, e.g.*, *Cardinali v. Plusfour, Inc.*, 2018 WL 7502644, at *4 (D. Nev. Oct. 9, 2018), and the papers fail to explain why this dispute is ripe for adjudication now.

First, the instant motion is brought by Defendant Garman. Docket No. 54 at 1. A party generally lacks standing to challenge a subpoena served on a nonparty. *E.g.*, *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, at *2 (D. Nev. Nov. 22, 2013). Although there is some lack of clarity in the case law, courts are particularly disinclined to allow a party to raise objections of irrelevance or undue burden on the nonparty. *See, e.g.*, *Walker v. Intelli-Heart Servs., Inc.*, 2019 WL 1028001, at *4 (D. Nev. Mar. 4, 2019); *but see* Docket No. 54 at 15 ("Subjecting Ehlers and Murray to depositions in this case would be an undue burden on them"). The motion fails to explain why Defendant Garman has standing with respect to the objections he is posing to the nonparty depositions.

Second, motions to quash subpoenas must be directed to the "court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). The movant bears the burden of showing that a motion to quash was filed in the correct district. *York Holding, Ltd. v. Waid*, ___ F.R.D. ____, 2024 WL 1432783, at *1 (D. Nev. Apr. 3, 2024). While not conclusive, the papers seem to suggest that compliance for at least one of the subpoenas may be in another district. *See* Docket No. 53-5.

In short, in addition to the problems identified in Section I, the aspect of these motions with respect to nonparty discovery fails to substantiate Defendant's standing or explain how this Court is the proper forum in which to seek relief.

### III. CONCLUSION

Accordingly, Defendant's motions for protective order and to quash are **DENIED** without prejudice. Any renewed motion practice must be fashioned to provide meaningfully developed argument as to the specific objections to particular discovery items. Any renewed motion practice as to nonparty discovery must include meaningfully developed argument as to how the movant has standing as to each objection posed by Defendant and why this Court is the proper forum to

adjudicate that motion.[4]  In an effort to avoid disrupting the current deposition schedule, any renewed motion practice regarding these depositions must be filed by May 2, 2024.

IT IS SO ORDERED.

Dated: April 26, 2024

                                                    _____
Nancy J. Koppe
United States Magistrate Judge

---

[4] Given their unique standing and venue issues, it is not entirely clear that requests for relief regarding nonparty deposition subpoenas should be included within the same motion as requests for relief regarding party discovery.  See Local Rule IC 2-2(b).

4