<u>EXHIBIT A</u>

David M. Doto (11796)
Robert E. Werbicky (6166)
Shelby A. Dahl (13856)
HUTCHISON & STEFFEN, PLLC
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel:   (702) 385-2500
Fax:   (702) 385-2086
ddoto@hutchlegal.com
rwerbicky@hutchlegal.com
sdahl@hutchlegal.com

*Attorneys for Jonathan Garman*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOXABL INC., | Case No. 2:23-cv-01213-RFB-NJK |
| Plaintiff, | **RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |
| v. | |
| JONATHAN GARMAN, | |
| Defendant | |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Jonathan Garman ("Defendant" or "Responding Party"), responds to Plaintiff Boxabl Inc.'s ("Plaintiff" or "Propounding Party") First Set of Interrogatories as follows:

## DEFINITIONS

The following definitions apply to Defendant's objections:

A.   "Nondiscoverable/Irrelevant" – The interrogatory in question concerns a matter that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

B.      "Unduly burdensome" - The interrogatory in question seeks discovery which is unduly burdensome or expensive, taking into account the needs of the case, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

C.      "Vague" - The interrogatory in question contains a word or phrase which is not adequately defined, or the overall Request is confusing or ambiguous, and Responding Party is unable to reasonably ascertain what information or documents Propounding Party seek in the interrogatory.

D.      "Overly broad" – The interrogatory seeks information or documents beyond the scope of, or beyond the time period relevant to, the subject matter of this litigation and, accordingly, seeks information or documents which are nondiscoverable/irrelevant and is unduly burdensome.

## GENERAL OBJECTIONS

1.      Responding Party objects to the interrogatories to the extent that they seek any information that is protected by any absolute or qualified privilege or exemption, including, but not limited to, the attorney-client privilege, the attorney work-product exemption, and the consulting-expert exemption.

2.      Responding Party objects to the interrogatories on the grounds that they are excessively burdensome and that much of the information requested may be obtained by Propounding Party from other sources more conveniently, less expensively, and with less burden.

3.      Answers will be made on the basis of information and writings available to and located by Responding Party upon reasonable investigation of its records and inquiry of any present officers and employees.  There may be other and further information respecting the interrogatories propounded by Propounding Party of which Responding Party, despite its reasonable investigation and inquiry, are presently unaware.  Responding Party reserves the right to modify or enlarge any answer with such pertinent additional information as it may subsequently discover.

2

4. No incidental or implied admissions will be made by the answers. The fact that Responding Party may respond or object to any interrogatory, or part thereof, shall not be deemed an admission that Responding Party accepts or admits the existence of any fact set forth or assumed by such Request, or that such answer constitutes admissible evidence. The fact that Responding Party responds to part of any interrogatory is not to be deemed a waiver by it of its objections, including privilege, to other parts to such interrogatory.

5. Responding Party objects to any request for information to the extent that it would impose upon Responding Party greater duties than are set forth under the Nevada Rules of Civil Procedure. Responding Party will supplement its answers to certain interrogatories as required by all applicable rules.

6. Each answer will be subject to all objections as to competence, relevance, materiality, propriety, privilege, and admissibility, and to any and all other objections on any ground which would require the exclusion from evidence of any statement herein if any such statements were made by a witness present and testifying at trial, all of which objections and grounds are expressly reserved and may be interposed at such hearings.

7. Subject to their objections and to the extent they are within Responding Party's possession, custody, or control, Responding Party will make documents available via an encrypted link.

8. Responding Party adopts by reference the above objections and incorporates each objection as if it was fully set forth in each of Responding Party's answers.

**GENERAL RESPONSE TO ALL INTERROGATORIES**

The responses contained herein are based upon information known to date. Discovery is continuing and Responding Party reserves the right to supplement each and every answer as more information becomes available throughout the discovery process.

3

# ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1**: Identify all present or former Boxabl employees who you have communicated with in person or by electronic mail, text message or any other means of communication between September 1, 2022 and the present. In doing so, state the date and substance of each such communication.

**RESPONSE TO INTERROGATORY NO. 1**: The complaint is limited to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023. See ECF No. 43 at ¶¶ 6, 7, 10, 16. While this request targets this information in part, it is also overbroad in seeking other communications outside the relevant timeframe and with third parties. Therefore, Defendant interprets this request to be limited to refer to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023. This is the only relevant, and therefore discoverable, information under FRCP 26(b).

Without waiving these objections, see DEF000385–DEF053686. These documents speak to themselves as to the date and substance of each communication, and restating this information would be unduly burdensome. Defendant is in the process of reviewing his text messages from the relevant timeframe and will be producing non-protected texts.

**INTERROGATORY NO. 2**: Describe in detail the substance of every communication you have had with Gregory Ehlers since September 1, 2022. In doing so state the date and substance of each communication.

**RESPONSE TO INTERROGATORY NO. 2**: The only relevant conduct in Boxabl's complaint allegedly took place from September 30, 2022 to March 10, 2023 between Garman and other Boxabl employees within Boxabl's premises. See ECF No. 43 at ¶¶ 6, 7, 10, 16. Ehlers did not work at Boxabl from September 30, 2022 to March 10, 2023. The only potential connection between Ehlers and Garman is the SEC investigation. This is privileged and protected information that is outside the

4

scope of the complaint.  This request is not relevant to Boxabl's claim nor proportional to the needs of the case, and does not seek discoverable information.  FRCP 26(b).

**INTERROGATORY NO. 3**:  Identify every person with whom you have had any discussions regarding any of the processes and/or facts surrounding Boxabl's marketing, pricing, costs to construct and/or sale of its products. In doing so, identify each person and describe the substance of each discussion.

**RESPONSE TO INTERROGATORY NO. 3**: The complaint is limited to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  See ECF No. 43 at ¶¶ 6, 7, 10, 16.  While this request targets this information in part, it is also overbroad in seeking other communications outside the relevant timeframe and with third parties.  Therefore, Defendant interprets this request to be limited to refer to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  This is the only relevant, and therefore discoverable, information under FRCP 26(b).

Without waiving these objections, see DEF000385–DEF053686.  These documents speak to themselves as to the date and substance of each communication, and restating this information would be unduly burdensome.  Defendant is in the process of reviewing his text messages from the relevant timeframe and will be producing non-protected texts.

**INTERROGATORY NO. 4**:  Identify any attorneys you provided any information and/or documents to regarding Boxabl's marketing, pricing, costs to construct and/or sale of its products. In doing so, identify the information and/or documents provided to each such attorney and the date it was provided. This interrogatory does not seek the attorney client communications, which can be excluded from your answer in accordance with the above instructions.

**RESPONSE TO INTERROGATORY NO. 4**: It is unclear what information Boxabl could hope to obtain that is not privileged, as it explicitly targets attorney-client communications.  NRS 49.095.  It

5

appears to be seeking confirmation that Garman was in communication with Ehlers' SEC counsel. This is privileged and protected information that is outside the scope of the complaint. This request is not relevant to Boxabl's claim nor proportional to the needs of the case, and does not seek discoverable information. FRCP 26(b).

**INTERROGATORY NO. 5**: State whether you have ever been a party or witness to any judicial, arbitral or administrative proceeding, and, if so, state:

(a) the nature of such proceeding and your participation therein;

(b) the date of filing and docket number of each such proceeding, attaching a copy of each such charge to your answers to these interrogatories;

(c) the present status of each such proceeding and, if the same has been disposed of, the disposition thereof.

**RESPONSE TO INTERROGATORY NO. 5**: This request seeks information regarding any case Garman has ever participated in, with no timeframe and regardless of the subject matter. However, Boxabl has made it clear that it is targeting communications relating to the SEC investigation into Boxabl, which is privileged and protected information that is outside the scope of the complaint. These requests are not relevant to Boxabl's claim nor proportional to the needs of the case, and do not seek discoverable information. FRCP 26(b).

**INTERROGATORY NO. 6**: Identify any documents you obtained from Boxabl or retained from Boxabl that you have at any time had in your possession custody or control following your termination from Boxabl. In doing so, state where these documents are maintained at the present time.

**RESPONSE TO INTERROGATORY NO. 6**: See DEF000385–DEF053686. These documents are maintained on Defendant's personal computer. Defendant did not take any electronic devices from Boxabl when he stopped working there.

**INTERROGATORY NO. 7**: With respect to any employment after your employment with Boxabl, state:

(a) the identity of each place you applied for employment or were employed subsequent to your employment with Boxabl;

(b) the date employment commenced at each place of employment identified in response to section (a) above and the duration of that employment;

(c) your job title, duties and responsibilities, and immediate supervisor at each place of employment identified in response to section (a) above;

(d) your rate of pay upon commencement of each period of employment identified in response to section (a) above and the date and amount of increases in that rate of pay while so employed;

(e) the identity and the monetary value of all forms of compensation received by you from each employer identified in response to section (a) above including, although not by way of limitation, any fringe benefits, bonuses, commissions, insurance, and expense reimbursements;

(f) the reason for the termination of each period of employment identified in response to section (a) above, as applicable.

**RESPONSE TO INTERROGATORY NO. 7**: After leaving Boxabl, Garman has only worked for the Department of Defense in Hawaii. Any further information about his work is sensitive, confidential, and completely irrelevant to this case.

**INTERROGATORY NO. 8**: Identify any documents relating to Boxabl provided to you by any person following your termination from Boxabl. In doing so, identify the person and the date each such document was provided to you.

**RESPONSE TO INTERROGATORY NO. 8**: This is the exact opposite of what is at issue in the complaint. Boxabl's claim against Garman alleges that Garman disclosed information to other

7

Boxabl employees.  See ECF No. 43 at ¶ 16.  Information that was provided to Garman is not relevant to Boxabl's claim, and is therefore not discoverable.  FRCP 26(b).  In addition, the timeframe is irrelevant to the allegations in the complaint.

**INTERROGATORY NO. 9**:  Identify all e-mail addresses from which you have sent or received e-mail communications in the last five years.

**RESPONSE TO INTERROGATORY NO. 9**:  This request is overly broad and unduly burdensome, as it seeks irrelevant information regarding Defendant's email addresses from before he worked at Boxabl.

Without waiving these objections, Defendants' personal email address has not changed since leaving Boxabl.  His current work email is sensitive, confidential, and irrelevant to this case. Defendant has used the following emails: jkgarman86@gmail.com, jonathan.garman@outlook.com, jonathan.garman@va.gov, jonathan.k.garman.mil@army.mil, jonathan.k.garman.mil@smil.mail.mil.

**INTERROGATORY NO. 10**:  Identify all cellular phone numbers you have maintained in the last five years. In doing so, state the dates in which you maintained each such number and identify the carrier.

**RESPONSE TO INTERROGATORY NO. 10**:  This request is overly broad and unduly burdensome, as it seeks irrelevant information regarding Defendant's phone numbers from before he worked at Boxabl.

Without waiving these objections, Defendant's phone number has not changed since leaving Boxabl.

**INTERROGATORY NO. 11**:  Identify by model all cell phones that you have maintained in the last five years.

8

**RESPONSE TO INTERROGATORY NO. 11**: This request is overly broad and unduly burdensome, as it seeks irrelevant information regarding Defendant's phone from before he worked at Boxabl.  In addition, the model of Defendant's cell phone is irrelevant to this case.

**INTERROGATORY NO. 12**:  Did you download any documents in any ESI format from Boxabl's servers or computers while you were employed at Boxabl. If so, describe each such document and state the reason you downloaded each such document.

**RESPONSE TO INTERROGATORY NO. 12**:  See DEF000385–DEF053686.  These documents speak for themselves, and describing each of them would be unduly burdensome.

Defendant downloaded these documents as part of his work as Boxabl's controller.  He had proper access to all of these documents within the scope of his job duties.  Defendant needed to access Boxabl's data at home on his personal computer because Defendant often did work at nights and on weekends as it was expected by the company leadership.  For example, he would routinely get phone calls on weekends from Hamid Firooznia asking about specific documents or transaction reports.

**INTERROGATORY NO. 13**:  State whether any persons have taken or made statements concerning this matter at your direction or request, or at that of your investigators and/or attorneys, and if so, state:

(a) the identity of the person taking each such statement;

(b) the identity of the person making each such statement;

(c) when and where each such statement was taken;

(d) the type of statement taken, whether written, recorded or oral; and

(e) the purpose of making the statement, and attach a copy of each such statement to your answers to these interrogatories.

9

**RESPONSE TO INTERROGATORY NO. 13**: The complaint is limited to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023. *See* ECF No. 43 at ¶¶ 6, 7, 10, 16. While this request targets this information in part, it is also overbroad in seeking other communications without any given timeframe. Therefore, Defendant interprets this request to be limited to refer to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023. This is the only relevant, and therefore discoverable, information under FRCP 26(b).

Without waiving these objections, DEF000385–DEF053686. These documents speak to themselves as to the date and substance of each communication, and restating this information would be unduly burdensome. Defendant is in the process of reviewing his text messages from the relevant timeframe and will be producing non-protected texts.

**INTERROGATORY NO. 14**: Identify the exact date(s) that you (or any of your representatives, including your attorneys) communicated with any of the individuals identified in the preceding interrogatory following your separation from Boxabl. Include in your response the substance of the communications, method of communication, and any witnesses to the communication.

**RESPONSE TO INTERROGATORY NO. 14**: *See* Response to Interrogatory No. 13.

**INTERROGATORY NO. 15**: Identify and every time you discussed salary, bonuses, stock options, or other work related compensation of any employee or personnel of Boxabl with any other employee or other personnel of Boxabl or with any third party and for each time identified state

(a) the date(s) of the communication;

(b) the identity of each person participating in the communication;

(c) the method or form of the communication;

(d) what was said during the communication;

(f) whether any tangible evidence documents exist that memorialize or reference the communication and the location of such evidence.

10

**RESPONSE TO INTERROGATORY NO. 15**: The complaint is limited to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  See ECF No. 43 at ¶¶ 6, 7, 10, 16.  While this request targets this information in part, it is also overbroad in seeking other communications outside the relevant timeframe and with third parties.  Therefore, Defendant interprets this request to be limited to refer to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  This is the only relevant, and therefore discoverable, information under FRCP 26(b).

Without waiving these objections, see DEF000385–DEF053686.  These documents speak to themselves as to the date and substance of each communication, and restating this information would be unduly burdensome.  Defendant is in the process of reviewing his text messages from the relevant timeframe and will be producing non-protected texts.

**INTERROGATORY NO. 16**: Identify any documents relating to Boxabl that you provided to any person or entity following your termination from Boxabl. In doing so, identify the person or entity you provided the documents to and the date on which you provided the documents.

**RESPONSE TO INTERROGATORY NO. 16**:  The complaint is limited to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  *See* ECF No. 43 at ¶¶ 6, 7, 10, 16. This request targets an irrelevant timeframe and seeks communications that took place outside of Boxabl's premises with third parties.  This request is not relevant to Boxabl's claim nor proportional to the needs of the case, and does not seek discoverable information.  FRCP 26(b).

**INTERROGATORY NO. 17**:  Describe in detail the substance of all interactions after the date of your separation from Boxabl that you had with any one or more of Gregory Ehlers, Taylor Murray or any other present or former employee of Boxabl concerning the facts or claims alleged the Complaint, including phone calls, text messages, emails, and in person conversations.

11

**RESPONSE TO INTERROGATORY NO. 17**: The only relevant conduct in Boxabl's complaint allegedly took place from September 30, 2022 to March 10, 2023 between Garman and other Boxabl employees within Boxabl's premises.  See ECF No. 43 at ¶¶ 6, 7, 10, 16.  Neither Ehlers nor Murray worked at Boxabl from September 30, 2022 to March 10, 2023.  The only potential connection between Ehlers, Murray, and Garman is the SEC investigation.  This is privileged and protected information that is outside the scope of the complaint.  This request is not relevant to Boxabl's claim nor proportional to the needs of the case, and does not seek discoverable information.  FRCP 26(b).

**INTERROGATORY NO. 18**: Describe in detail the substance of all social media comments and postings that you authored or contributed to regarding Boxabl, or regarding any director, officer or present or former employee of Boxabl (other than yourself).

**RESPONSE TO INTERROGATORY NO. 18**: The complaint is limited to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023. *See* ECF No. 43 at ¶¶ 6, 7, 10, 16. This request has no timeframe and seeks communications that took place outside of Boxabl's premises with third parties.  This request is not relevant to Boxabl's claim nor proportional to the needs of the case, and does not seek discoverable information.  FRCP 26(b).

**INTERROGATORY NO. 19**:  Identify and every time you discussed Boxabl or its founders or board members with any journalistic or news organization, news blogger or agency, or any other creator of media content, stating specifically for each time identified

    (a) how the communication was initiated;

    (b) the date(s) of the communication;

    (c) the identity of each individual participating in the communication;

    (d) the method or form of the communication;

    (e) what was said during the communication;

(f) whether any tangible evidence documents exist that memorialize or reference the communication and the location of such evidence or document(s).

**RESPONSE TO INTERROGATORY NO. 19**: The complaint is limited to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  *See* ECF No. 43 at ¶¶ 6, 7, 10, 16. This request has no timeframe and seeks communications that took place outside of Boxabl's premises with third parties.  This request is not relevant to Boxabl's claim nor proportional to the needs of the case, and does not seek discoverable information.  FRCP 26(b).

DATED this 20th day of May, 2024.

HUTCHISON & STEFFEN, PLLC

*/s/ Shelby A. Dahl*

David M. Doto (11796)
Robert E. Werbicky (6166)
Shelby A. Dahl (13856)

*Attorneys for Jonathan Garman*

13

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of HUTCHISON & STEFFEN, PLLC and that on this 20th day of May, 2024, I caused the document entitled RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES to be served as follows:

☒  to be electronically served via email to the parties below; and/or

☒  to be placed in the U.S. Mail with pre-paid first-class postage; and/or

☐  to be faxed; and/or

☐  to be hand-delivered

to the attorneys listed below:

**Cara Sgobba**
Gordon Rees Scully Mansukhani
28 State Street, Suite 1050
Boston, MA 02109
Email: csgobba@grsm.com

**Lori N. Brown**
Gordon Rees Scully Mansukhani, LLP
2 North Central Ave., Ste. 2200
Phoenix, AZ 85004
Email: lbrown@grsm.com
Email: jgerblick@grsm.com

**Peter E. Strniste , Jr.**
Gordon & Rees LLP
95 Glastonbury Boulevard, Suite 206
Glastonbury, CT 06033
Email: pstrniste@grsm.com

_____
An employee of Hutchison & Steffen, PLLC

14