EXHIBIT B

David M. Doto (11796)
Robert E. Werbicky (6166)
Shelby A. Dahl (13856)
HUTCHISON & STEFFEN, PLLC
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel:    (702) 385-2500
Fax:    (702) 385-2086
ddoto@hutchlegal.com
rwerbicky@hutchlegal.com
sdahl@hutchlegal.com

*Attorneys for Jonathan Garman*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BOXABL INC., | Case No. 2:23-cv-01213-RFB-NJK |
| Plaintiff, | **RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| JONATHAN GARMAN, | |
| Defendant | |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Jonathan Garman ("Garman," "Defendant," or "Responding Party"), responds to Plaintiff Boxabl Inc.'s ("Boxabl," "Plaintiff," or "Propounding Party") First Set of Requests for Production of Documents as follows:

**DEFINITIONS**

The following definitions apply to Defendant's objections:

A.      "Nondiscoverable/Irrelevant" - The Request in question concerns a matter that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

1

B.      "Unduly burdensome" - The Request in question seeks discovery which is unduly burdensome or expensive, taking into account the needs of the case, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

C.      "Vague" - The Request in question contains a word or phrase which is not adequately defined, or the overall Request is confusing or ambiguous, and Responding Party is unable to reasonably ascertain what information or documents Propounding Party seeks in the Request.

D.      "Overly broad" - The Request seeks information or documents beyond the scope of, or beyond the time period relevant to, the subject matter of this litigation and, accordingly, seeks information or documents which are nondiscoverable/irrelevant and is unduly burdensome.

**GENERAL OBJECTIONS**

1.      Responding Party objects to the requests to the extent that they seek any information that is protected by any absolute or qualified privilege or exemption, including, but not limited to, the attorney-client privilege, the attorney work-product exemption, and the consulting-expert exemption.

2.      Responding Party objects to the requests on the grounds that they are excessively burdensome and that much of the information requested may be obtained by Propounding Party from other sources more conveniently, less expensively, and with less burden.

3.      Answers will be made on the basis of information and writings available to and located by Responding Party upon reasonable investigation of its records and inquiry of any present officers and employees.  There may be other and further information respecting the requests propounded by Propounding Party of which Responding Party, despite its reasonable investigation and inquiry, are presently unaware.  Responding Party reserves the right to modify or enlarge any answer with such pertinent additional information as it may subsequently discover.

4.    No incidental or implied admissions will be made by the answers.  The fact that Responding Party may respond or object to any Request, or part thereof, shall not be deemed an admission that Responding Party accepts or admits the existence of any fact set forth or assumed by such Request, or that such answer constitutes admissible evidence.  The fact that Responding Party responds to part of any Request is not to be deemed a waiver by it of its objections, including privilege, to other parts to such Request.

5.    Responding Party objects to any request for information to the extent that it would impose upon Responding Party greater duties than are set forth under the Federal Rules of Civil Procedure.  Responding Party will supplement its answers to certain requests as required by all applicable rules.

6.    Each answer will be subject to all objections as to competence, relevance, materiality, propriety, privilege, and admissibility, and to any and all other objections on any ground which would require the exclusion from evidence of any statement herein if any such statements were made by a witness present and testifying at trial, all of which objections and grounds are expressly reserved and may be interposed at such hearings.

7.    Subject to their objections and to the extent they are within Responding Party's possession, custody, or control, Responding Party will make documents available via an encrypted link.

8.    Responding Party adopts by reference the above objections and incorporates each objection as if it was fully set forth in each of Responding Party's responses.

**GENERAL RESPONSE TO ALL REQUESTS FOR PRODUCTION OF DOCUMENTS**

The responses contained herein are based upon information known to date.  Discovery is continuing and Responding Party reserves the right to supplement each and every answer as more information becomes available throughout the discovery process.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**:  All documents or communications referenced in the Complaint and/or Counterclaim.

**RESPONSE TO REQUEST NO. 1**:  This request relates to the scope of the Complaint.  The complaint is limited to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  *See* ECF No. 43 at ¶¶ 6, 7, 10, 16. However, as discussed in Defendant's Motion for Protective Order and to Quash Deposition Subpoenas, Boxabl apparently no longer intends to limit its case to what was deliberately pled in the complaint.  Therefore, Defendant interprets this request to be limited to refer to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  This is the only relevant, and therefore discoverable, information under FRCP 26(b).  In addition, Boxabl has failed to produce any documents or communications references in the complaint, despite being the plaintiff.  Forcing Garman to comply with discovery obligations that should belong to Boxabl is an undue burden.  *See* FRCP 26(c)(1).

Without waiving these objections, see DEF000385–DEF053686.  Defendant is in the process of reviewing his text messages from the relevant timeframe and will be producing non-protected texts.

**REQUEST NO. 2**:  All documents or communications that evidence, embody, reflect, relate to, or tend to substantiate any defenses upon which you will assert or rely upon in this action.

**RESPONSE TO REQUEST NO. 2**: This request relates to the scope of this action.  The complaint is limited to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  *See* ECF No. 43 at ¶¶ 6, 7, 10, 16.  However, as discussed in Defendant's Motion for Protective Order and to Quash Deposition Subpoenas, Boxabl apparently no longer intends to limit its case to what was deliberately pled in the complaint. Therefore, Defendant interprets this request to be limited to refer to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  This is the only relevant, and therefore discoverable, information under FRCP 26(b).  In

addition, Boxabl has failed to produce any documents or communications references in the complaint, despite being the plaintiff.  Forcing Garman to comply with discovery obligations that should belong to Boxabl is an undue burden.  *See* FRCP 26(c)(1).

Without waiving these objections, see DEF000385–DEF053686.  Defendant is in the process of reviewing his text messages from the relevant timeframe and will be producing non-protected texts.

**REQUEST NO. 3**:  All documents that refer or relate in any way to the terms and conditions of Defendant's employment with Boxabl including, but not limited to, offers of employment, contracts of employment (including any draft agreements, revisions, amendments, or supplemental agreements between the parties), and documents relating to employment compensation, bonuses, tips, other benefits, and company policies you received while employed by Boxabl.

**RESPONSE TO REQUEST NO. 3**:  This request seeks irrelevant information as it asks for "all documents that refer or relate in any way to the terms and conditions of Defendant's employment with Boxabl."  As written, this request would require Defendant to search for and produce documents that have no relation to the subject matter of this case, rendering it unduly burdensome and overbroad.

Without waiving these objections, see DEF000385–DEF053686.

**REQUEST NO. 4**:  All documents and/or communications that refer or relate in any way to your employment with Boxabl, including any documents authored, sent or received by any person associated with Boxabl (including its attorneys).

**RESPONSE TO REQUEST NO. 4**: This topic is so overbroad that it is practically meaningless.  It does not even contain a timeframe.  Garman was Boxabl's Controller, which involved reviewing a multitude of documents and engaging in vast communications with Boxabl employees.  This request is not relevant to Boxabl's claim nor proportional to the needs of the case, and does not seek discoverable information.  FRCP 26(b).  Therefore, Defendant interprets this request to be limited to refer to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.

Without waiving these objections, see DEF000385–DEF053686.

**REQUEST NO. 5**:  Copies of all documents relied upon by any expert retained by or on behalf of Defendant in this litigation in preparing its reports and/or opinions.

**RESPONSE TO REQUEST NO. 5**:  Defendant has not retained an expert in this case at this time.

**REQUEST NO. 6**:  All signed and unsigned written statements drafted by Defendant pertaining to the facts or claims alleged in the Complaint and/or Counterclaim.

**RESPONSE TO REQUEST NO. 6**: This request relates to the scope of the Complaint.  The complaint is limited to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  *See* ECF No. 43 at ¶¶ 6, 7, 10, 16.  However, as discussed in Defendant's Motion for Protective Order and to Quash Deposition Subpoenas, Boxabl apparently no longer intends to limit its case to what was deliberately pled in the complaint.  Therefore, Defendant interprets this request to be limited to refer to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  This is the only relevant, and therefore discoverable, information under FRCP 26(b).  In addition, Boxabl has failed to produce any documents or communications references in the complaint, despite being the plaintiff.  Forcing Garman to comply with discovery obligations that should belong to Boxabl is an undue burden.  *See* FRCP 26(c)(1).

Without waiving these objections, see DEF000385–DEF053686.

**REQUEST NO. 7**:  Any and all documents created or signed by you following the date of your termination from Boxabl that refer or relate to Boxabl in any way.

**RESPONSE TO REQUEST NO. 7**:  Boxabl's complaint is extremely limited and focused in its allegations regarding Garman's conduct.  The only relevant conduct allegedly took place from September 30, 2022 to March 10, 2023 between Garman and other Boxabl employees within Boxabl's premises.  *See* ECF No. 43 at ¶¶ 6, 7, 10, 16.  These requests specifically ask for documents created after Garman left Boxabl.  This is not relevant to Boxabl's claim nor proportional to the needs of the case, and is therefore not discoverable.  FRCP 26(b).

**REQUEST NO. 8**:  Any and all documents in your possession custody or control which you obtained from Boxabl during the course of your employment.

**RESPONSE TO REQUEST NO. 8**:  See DEF000385–DEF053686.

**REQUEST NO. 9**:  Any and all documents provided by any third party to you that refer or relate to Boxabl in any way.

**RESPONSE TO REQUEST NO. 9**: This is the exact opposite of what is at issue in the complaint. Boxabl's claim against Garman alleges that Garman disclosed information to other Boxabl employees.  *See* ECF No. 43 at ¶ 16.  Information that was provided to Garman is not relevant to Boxabl's claim, and is therefore not discoverable.  FRCP 26(b).  In addition, the timeframe (or lack thereof) makes this request disproportionate to the needs of the case.  *Id*.

**REQUEST NO. 10**:  Any and all text messages or e-mails sent or received by you from September 1, 2022 and the present that contain one or more of the following words:

    a. Boxabl

    b. Paolo

    c. Gali

    d. Galiano

    e. Ehlers

f. Casita

g. Gregory

h. Taylor

i. Murray

j. SEC

k. Lawsuit

l. Case

m. Litigation

n. Claim

o. Yanni

p. Tassev

q. whistle blower

r. Business Insider

s. Gossage

t. Hernandez

u. Lawyer

v. Attorney

**RESPONSE TO REQUEST NO. 10**: The only relevant conduct in Boxabl's complaint allegedly took place from September 30, 2022 to March 10, 2023 between Garman and other Boxabl employees within Boxabl's premises.  *See* ECF No. 43 at ¶¶ 6, 7, 10, 16.  This request deals with an overbroad timeframe, communications that took place outside of Boxabl's premises, and targets the SEC investigation into Boxabl, which is privileged and protected information that is outside the scope of the complaint.  *See* Defendant's Motion for Protective Order and to Quash Deposition Subpoenas.  This request is not relevant to Boxabl's claim nor proportional to the needs of the case, and does not seek discoverable information.  FRCP 26(b).

Without waiving these objections, see DEF000385–DEF053686.  Defendant is in the process of reviewing his text messages from the relevant timeframe and will be producing non-protected texts.

**REQUEST NO. 11**:  Any and all documents evidencing or concerning the damages you allegedly sustained as set forth in the Counterclaim and/or evidencing or concerning the value thereof.

**RESPONSE TO REQUEST NO. 11**:  Defendant has not filed a counterclaim at this time.

**REQUEST NO. 12**:  All reports or documents prepared by experts, witnesses, inspectors, investigators, administrators, or repair providers relating to any facts or any claims set forth in the Complaint and/or in the Counterclaim.

**RESPONSE TO REQUEST NO. 12**:  Defendant has not retained any expert, inspector, investigator, administrator, or repair providers in this case at this time.  Defendant does not have any reports or documents prepared by witnesses relating to any facts or any claims set forth in the Complaint.

**REQUEST NO. 13**:  The most up-to-date curriculum vitae of each expert witness you intend to call at trial in this action.

**RESPONSE TO REQUEST NO. 13**:  Defendant has not retained an expert in this case at this time.

**REQUEST NO. 14**:  Any and all documents evidencing or concerning any witness you intend to call or will call at any trial or evidentiary hearing in this above-captioned action.

**RESPONSE TO REQUEST NO. 14**:  There is no trial or evidentiary hearing on calendar at this time.

**REQUEST NO. 15**:  All documents evidencing or concerning all communications between (i) Plaintiff including Plaintiff's representatives/agents and (ii) Defendant including Defendant's representatives/agents relating to the matters set forth in the Complaint and/or Counterclaim.

**RESPONSE TO REQUEST NO. 15**: This request relates to the scope of the Complaint.  The complaint is limited to private conversations between Garman and other Boxabl employees within

Boxabl's premises from September 30, 2022 to March 10, 2023.  *See* ECF No. 43 at ¶¶ 6, 7, 10, 16. However, as discussed in Defendant's Motion for Protective Order and to Quash Deposition Subpoenas, Boxabl apparently no longer intends to limit its case to what was deliberately pled in the complaint.  Therefore, Defendant interprets this request to be limited to refer to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  This is the only relevant, and therefore discoverable, information under FRCP 26(b).  In addition, Boxabl has failed to produce any documents or communications references in the complaint, despite being the plaintiff.  Forcing Garman to comply with discovery obligations that should belong to Boxabl is an undue burden.  *See* FRCP 26(c)(1).

Without waiving these objections, see DEF000385–DEF053686.  Defendant is in the process of reviewing his text messages from the relevant timeframe and will be producing non-protected texts.

**REQUEST NO. 16**:  All documents evidencing or concerning all communications between (i) Defendant including Defendants' representatives/agents and (ii) employees or former employees of Boxabl relating to the matters set forth in the Complaint and/or Counterclaim.

**RESPONSE TO REQUEST NO. 16**: This request relates to the scope of the Complaint.  The complaint is limited to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  *See* ECF No. 43 at ¶¶ 6, 7, 10, 16. However, as discussed in Defendant's Motion for Protective Order and to Quash Deposition Subpoenas, Boxabl apparently no longer intends to limit its case to what was deliberately pled in the complaint.  Therefore, Defendant interprets this request to be limited to refer to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  This is the only relevant, and therefore discoverable, information under FRCP 26(b).  In addition, Boxabl has failed to produce any documents or communications references in the complaint, despite being the plaintiff.  Forcing Garman to comply with discovery obligations that should belong to Boxabl is an undue burden.  *See* FRCP 26(c)(1).

10

Without waiving these objections, see DEF000385–DEF053686.  Defendant is in the process of reviewing his text messages from the relevant timeframe and will be producing non-protected texts.

**REQUEST NO. 17**:  All documents evidencing or concerning all communications between (i) Defendant including Defendants' representatives/agents and (ii) investors, potential or former investors, or other business associates of Boxabl relating to the matters set forth in the Complaint and/or Counterclaim.

**RESPONSE TO REQUEST NO. 17**: This request relates to the scope of the Complaint.  The complaint is limited to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  *See* ECF No. 43 at ¶¶ 6, 7, 10, 16.  However, as discussed in Defendant's Motion for Protective Order and to Quash Deposition Subpoenas, Boxabl apparently no longer intends to limit its case to what was deliberately pled in the complaint.  Therefore, Defendant interprets this request to be limited to refer to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  This is the only relevant, and therefore discoverable, information under FRCP 26(b).  In addition, Boxabl has failed to produce any documents or communications references in the complaint, despite being the plaintiff.  Forcing Garman to comply with discovery obligations that should belong to Boxabl is an undue burden.  *See* FRCP 26(c)(1).

Without waiving these objections, see DEF000385–DEF053686.  Defendant is in the process of reviewing his text messages from the relevant timeframe and will be producing non-protected texts.

**REQUEST NO. 18**:  All documents evidencing or concerning all communications between (i) Defendant including Defendant's representatives/agents and (ii) personnel from or representing any regulatory or governmental agency or any subdivision thereof, relating to the matters set forth in the Complaint and/or Counterclaim.

**RESPONSE TO REQUEST NO. 18**: This request relates to the scope of the Complaint.  The complaint is limited to private conversations between Garman and other Boxabl employees within

Boxabl's premises from September 30, 2022 to March 10, 2023.  *See* ECF No. 43 at ¶¶ 6, 7, 10, 16.

However, as discussed in Defendant's Motion for Protective Order and to Quash Deposition

Subpoenas, Boxabl apparently no longer intends to limit its case to what was deliberately pled in the

complaint.  Therefore, Defendant interprets this request to be limited to refer to private conversations

between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to

March 10, 2023.  This is the only relevant, and therefore discoverable, information under FRCP

26(b).  In addition, Boxabl has failed to produce any documents or communications references in the

complaint, despite being the plaintiff.  Forcing Garman to comply with discovery obligations that

should belong to Boxabl is an undue burden.  *See* FRCP 26(c)(1).

Without waiving these objections, see DEF000385–DEF053686.  Defendant is in the process

of reviewing his text messages from the relevant timeframe and will be producing non-protected

texts.

**REQUEST NO. 19**:  All documents evidencing or concerning all communications between (i)

Defendant including Defendant's representatives/agents and (ii) personnel from or representatives

of any journalistic organization or news agency, or content creator on social media, relating to the

matters set forth in the Complaint and/or Counterclaim.

**RESPONSE TO REQUEST NO. 19**: This request relates to the scope of the Complaint.  The

complaint is limited to private conversations between Garman and other Boxabl employees within

Boxabl's premises from September 30, 2022 to March 10, 2023.  *See* ECF No. 43 at ¶¶ 6, 7, 10, 16.

However, as discussed in Defendant's Motion for Protective Order and to Quash Deposition

Subpoenas, Boxabl apparently no longer intends to limit its case to what was deliberately pled in the

complaint.  Therefore, Defendant interprets this request to be limited to refer to private conversations

between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to

March 10, 2023.  This is the only relevant, and therefore discoverable, information under FRCP

26(b).  In addition, Boxabl has failed to produce any documents or communications references in the

complaint, despite being the plaintiff.  Forcing Garman to comply with discovery obligations that

should belong to Boxabl is an undue burden.  *See* FRCP 26(c)(1).

Without waiving these objections, see DEF000385–DEF053686.  Defendant is in the process of reviewing his text messages from the relevant timeframe and will be producing non-protected texts.

**REQUEST NO. 20**:  All evidence, demonstratives, presentations, exhibits, tangible things, or other documents or communications you intend to offer at trial or present to a fact-finder, whether as evidence or otherwise relating to the matters set forth in the Complaint and/or Counterclaim.

**RESPONSE TO REQUEST NO. 20**:  There is no trial or evidentiary hearing on calendar at this time.

**REQUEST NO. 21**:  All agreements, contracts, and contract documents, including all modifications thereto, between you and the Plaintiff.

**RESPONSE TO REQUEST NO. 21**: See DEF025165–DEF025169.

**REQUEST NO. 22**:  All documents that refer or relate in any way to the evaluation, formal or informal (i.e. warnings, reprimands or suspensions) of your employment with Boxabl.

**RESPONSE TO REQUEST NO. 22**: There are no documents responsive to this request, as Defendant never received a warning, reprimand, or suspension prior to his termination.

**REQUEST NO. 23**:  All documents that refer or relate in any way to your duties, obligations, and requirements as an employee of Boxabl.

**RESPONSE TO REQUEST NO. 23**:  This request seeks irrelevant information as it asks for "all documents that refer or relate in any way to your duties, obligations, and requirements as an employee of Boxabl."  As written, this request would require Defendant to search for and produce documents that have no relation to the subject matter of this case, rendering it unduly burdensome and overbroad.

Without waiving these objections, see DEF000385–DEF053686.

**REQUEST NO. 24**:  All documents that specify your job description at Boxabl from the commencement of your employment until your termination.

**RESPONSE TO REQUEST NO. 24**:  See DEF053674–DEF053676; DEF025165–DEF025169.

**REQUEST NO. 25**:  All documents that evidence or concern changes in your job role or duties during the course of your employment at Boxabl.

**RESPONSE TO REQUEST NO. 25**:  There are no responsive documents, as Defendant's job role or duties were not changed during the course of his employment with Boxabl, though his role and duties were not accurately represented to him prior to beginning his work at Boxabl.

**REQUEST NO. 26**:  Copies of all transcripts from all depositions during which you were deposed for the past seven years including specifically a copy of the transcript from any deposition you participated in with the Securities Exchange Commission (SEC).

**RESPONSE TO REQUEST NO. 26**: This request seeks all depositions Garman has participated in for the last seven years, regardless of the subject matter.  However, Boxabl makes it clear that it is explicitly targeting communications relating to the SEC investigation into Boxabl, which is privileged and protected information that is outside the scope of the complaint.  This request is not relevant to Boxabl's claim nor proportional to the needs of the case, and does not seek discoverable information.  FRCP 26(b).

**REQUEST NO. 27**:  Copies of all materials you reviewed in preparation for your interview with the SEC, including any information or documents provided to you by Gregory Ehlers.

**RESPONSE TO REQUEST NO. 27**: Boxabl's claim against Garman alleges that Garman disclosed information to other Boxabl employees.  *See* ECF No. 43 at ¶ 16.  Information that was provided <u>to</u> Garman is not relevant to Boxabl's claim, and is therefore not discoverable.  FRCP 26(b).  In addition, Boxabl is explicitly targeting communications relating to the SEC investigation into Boxabl, which is privileged and protected information that is outside the scope of the complaint. This request is not relevant to Boxabl's claim nor proportional to the needs of the case, and does not seek discoverable information.  FRCP 26(b).

**REQUEST NO. 28**:  Any and all past and current resumes, recommendations, degrees, diplomas, certificates, transcripts, awards, evaluations, and other documents related to your profession, experience, education, achievements, ability, or qualifications to perform each position you held or sought to hold with Boxabl.

**RESPONSE TO REQUEST NO. 28**:  This request seeks irrelevant information.  The complaint is limited to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  *See* ECF No. 43 at ¶¶ 6, 7, 10, 16.  There are no allegations regarding Garman's qualifications, nor is this reasonably calculated to lead to relevant information.

**REQUEST NO. 29**:  All documents or communications evidencing or concerning any promotions, commendations or recognitions you received regarding your employment at Boxabl.

**RESPONSE TO REQUEST NO. 29**:  There are no responsive documents, as Defendant did not receive any promotions, commendation, or recognitions while working at Boxabl.

**REQUEST NO. 30**:  All documents that refer or relate to any purported adverse employment decisions or actions of any nature taken with respect to you by Boxabl or any of its employees or agents including, but not limited to, any reprimands, complaints, grievances, counseling actions, termination letter and/or disciplinary actions.

**RESPONSE TO REQUEST NO. 30**:  This request seeks irrelevant information as it asks for "all documents that refer or relate to any purported adverse employment decisions or actions of any nature."  As written, this request would require Defendant to search for and produce documents that have no relation to the subject matter of this case, rendering it unduly burdensome and overbroad.

Without waiving these objections, Defendant received no reprimands, complaints, grievances, counseling actions, and/or disciplinary actions prior to his termination.

**REQUEST NO. 31**:  All documents or communications evidencing or concerning any warnings or notices you provided to Plaintiff.

**RESPONSE TO REQUEST NO. 31**:  This request is vague and ambiguous regarding what constitutes "warnings or notices."  In addition, there is no timeframe in this request.

Without waiving these objections, see DEF000385–DEF053686.

**REQUEST NO. 32**:  All documents evidencing or concerning all communications between (i) Defendant and (ii) any third party regarding Boxabl since Defendant's termination of employment at Boxabl.

**RESPONSE TO REQUEST NO. 32**: Boxabl's complaint is extremely limited and focused in its allegations regarding Garman's conduct.  The only relevant conduct allegedly took place from September 30, 2022 to March 10, 2023 between Garman and other Boxabl employees within Boxabl's premises.  *See* ECF No. 43 at ¶¶ 6, 7, 10, 16.  These requests specifically ask for documents created after Garman left Boxabl and exchanged with third parties.  This is not relevant to Boxabl's claim nor proportional to the needs of the case, and is therefore not discoverable.  FRCP 26(b).

**REQUEST NO. 33**:  All documents or communications evidencing or concerning your personnel file at Boxabl.

**RESPONSE TO REQUEST NO. 33**:  This request is vague and ambiguous regarding what constitutes Defendant's "personnel file."

Without waiving these objections, see DEF000385–DEF053686.

**REQUEST NO. 34**:  All documents that refer or relate in any way to your employment or attempts to obtain employment during and/or subsequent to the end of your employment with Boxabl including, but not limited to, applications, offer letters, documents relating to job title, job status, rates of pay, bonuses, pay stubs and vouchers, employee handbooks and benefit statements, insurance payments, health or welfare benefits, stock options or other benefits to be paid or provided to you (regardless whether those benefits were actually obtained).

**RESPONSE TO REQUEST NO. 34**: After leaving Boxabl, Garman has only worked for the Department of Defense in Hawaii.  Any further information about his work is sensitive, confidential, and completely irrelevant to this case.

**REQUEST NO. 35**:  All documents or communications evidencing any employment role or duties you performed as paid work since your departure from Boxabl.

**RESPONSE TO REQUEST NO. 35**: After leaving Boxabl, Garman has only worked for the Department of Defense in Hawaii.  Any further information about his work is sensitive, confidential, and completely irrelevant to this case.

**REQUEST NO. 36**:  All permissions or authorizations or waivers you received from Boxabl during the relevant period.

**RESPONSE TO REQUEST NO. 36**:  This request is vague as to what constitutes "permissions or authorizations or waivers."  This request seeks overbroad and unduly burdensome information as it asks for "permissions or authorizations or waivers you received from Boxabl during the relevant period."  This could include every document and communication where Boxabl asked Defendant to perform any task.

Without waiving these objections, see DEF000385–DEF053686.

**REQUEST NO. 37**:  All documents evidencing or concerning any and all online profiles, postings, messages (including, without limitation, tweets, replies, retweets, direct messages, instant messages, status updates, wall comments, groups joined, activity streams, and blog entries), photographs, videos, and communications that concern one or more allegations set forth in the Complaint and/or any aspect of your employment with Boxabl.

**RESPONSE TO REQUEST NO. 37**: This request relates to the scope of the Complaint.  The complaint is limited to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  *See* ECF No. 43 at ¶¶ 6, 7, 10, 16.  However, as discussed in Defendant's Motion for Protective Order and to Quash Deposition Subpoenas, Boxabl apparently no longer intends to limit its case to what was deliberately pled in the

complaint.  Therefore, Defendant interprets this request to be limited to refer to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  This is the only relevant, and therefore discoverable, information under FRCP 26(b).  In addition, Boxabl has failed to produce any documents or communications references in the complaint, despite being the plaintiff.  Forcing Garman to comply with discovery obligations that should belong to Boxabl is an undue burden.  *See* FRCP 26(c)(1).

Without waiving these objections, see DEF000385–DEF053686.  Defendant is in the process of reviewing his text messages from the relevant timeframe and will be producing non-protected texts.

**REQUEST NO. 38**:  All documents that refer to, relate to, or support your contention, if any, that Boxabl violated requirements of the Securities and Exchange Commission.

**RESPONSE TO REQUEST NO. 38**:  Boxabl is explicitly targeting communications relating to the SEC investigation into Boxabl, which is privileged and protected information that is outside the scope of the complaint.  This request is not relevant to Boxabl's claim nor proportional to the needs of the case, and does not seek discoverable information.  FRCP 26(b).

**REQUEST NO. 39**:  All documents you received or produced to the Securities and Exchange Commission that in any way related to or concern Boxabl.

**RESPONSE TO REQUEST NO. 39**:  Boxabl is explicitly targeting communications relating to the SEC investigation into Boxabl, which is privileged and protected information that is outside the scope of the complaint.  This request is not relevant to Boxabl's claim nor proportional to the needs of the case, and does not seek discoverable information.  FRCP 26(b).

**REQUEST NO. 40**:  All audio or video recordings taken by you during your employment at Boxabl.

**RESPONSE TO REQUEST NO. 40**:  There are no documents responsive to this request, as Garman never took any audio or video recordings during his employment at Boxabl.

**REQUEST NO. 41**:  All discovery responses, affidavits, declarations, and testimony given at trial or during discovery in any other proceeding to which you were a party or witness.

**RESPONSE TO REQUEST NO. 41**: This request seeks materials in any case Garman has ever participated in, with no timeframe and regardless of the subject matter.  However, Boxabl has made it clear that it is targeting communications relating to the SEC investigation into Boxabl, which is privileged and protected information that is outside the scope of the complaint.  These requests are not relevant to Boxabl's claim nor proportional to the needs of the case, and do not seek discoverable information.  FRCP 26(b).

**REQUEST NO. 42**:  All documents and communications evidencing or concerning your computer access authorizations at Boxabl.

**RESPONSE TO REQUEST NO. 42**:  This request seeks overbroad and unduly burdensome information as it asks for "all documents and communications evidencing or concerning your computer access authorizations at Boxabl."  This could include every document and communication where Boxabl asked Defendant to perform a task that required computer access.

Without waiving these objections, see DEF000385–DEF053686.

**REQUEST NO. 43**:  All documents and communications evidencing or concerning the salaries of Boxabl leadership personnel.

**RESPONSE TO REQUEST NO. 43**:  This request seeks irrelevant information as it asks for "all documents and communications evidencing or concerning the salaries of Boxabl leadership personnel."  Defendant was Boxabl's controller, whose duties included working on Boxabl's financial operations.  As written, this request would require Defendant to search for and produce documents that have no relation to the subject matter of this case, rendering it unduly burdensome and overbroad.  It also contains no timeframe.

Without waiving these objections, see DEF000385–DEF053686.

**REQUEST NO. 44**:  All documents and communications evidencing or concerning Boxabl's financial holdings/assets and Boxabl's ability or perceived ability to sustain its operations.

**RESPONSE TO REQUEST NO. 44**: This request seeks irrelevant information as it asks for "all documents and communications evidencing or concerning Boxabl's financial holdings/assets and Boxabl's ability or perceived ability to sustain its operations."  Defendant was Boxabl's controller, whose duties included working on Boxabl's financial operations.  As written, this request would require Defendant to search for and produce documents that have no relation to the subject matter of this case, rendering it unduly burdensome and overbroad.  It also contains no timeframe.

      Without waiving these objections, see DEF000385–DEF053686.

**REQUEST NO. 45**:  All documents and communications evidencing or concerning the salaries and/or Boxabl stock holdings of non-leadership Boxabl employees.

**RESPONSE TO REQUEST NO. 45**: This request seeks irrelevant information as it asks for "all documents and communications evidencing or concerning the salaries and/or Boxabl stock holdings of non-leadership Boxabl employees."  Defendant was Boxabl's controller, whose duties included working on Boxabl's financial operations.  As written, this request would require Defendant to search for and produce documents that have no relation to the subject matter of this case, rendering it unduly burdensome and overbroad.  It also contains no timeframe.

      Without waiving these objections, see DEF000385–DEF053686.

**REQUEST NO. 46**:  All documents and communications evidencing or concerning your beliefs or statements, if any, that Boxabl stock was "diluted and overvalued".

**RESPONSE TO REQUEST NO. 46**: This request seeks irrelevant information as it asks for "all documents and communications evidencing or concerning your beliefs or statements, if any, that Boxabl stock was 'diluted and overvalued.' "  Defendant was Boxabl's controller, whose duties included working on Boxabl's financial operations.  As written, this request would require Defendant to search for and produce documents that have no relation to the subject matter of this case, rendering it unduly burdensome and overbroad.  The request also contains no timeframe.

      Without waiving these objections, see DEF000385–DEF053686.

**REQUEST NO. 47**:  All documents and communications evidencing or concerning what other Boxabl employees were receiving as Christmas bonuses.

**RESPONSE TO REQUEST NO. 47**: This request seeks irrelevant information as it asks for "all documents and communications evidencing or concerning what other Boxabl employees were receiving as Christmas bonuses."  Defendant was Boxabl's controller, whose duties included working on Boxabl's financial operations.  As written, this request would require Defendant to search for and produce documents that have no relation to the subject matter of this case, rendering it unduly burdensome and overbroad.  The request also contains no timeframe.

  Without waiving these objections, see DEF000385–DEF053686.

**REQUEST NO. 48**:  All documents and communications evidencing or concerning your belief or statement if that Boxabl stock options would be worth only a nominal sum in the future.

**RESPONSE TO REQUEST NO. 48**: This request seeks irrelevant information as it asks for "all documents and communications evidencing or concerning your belief or statement if that Boxabl stock options would be worth only a nominal sum in the future."  Defendant was Boxabl's controller, whose duties included working on Boxabl's financial operations.  As written, this request would require Defendant to search for and produce documents that have no relation to the subject matter of this case, rendering it unduly burdensome and overbroad.  The request also contains no timeframe.

  Without waiving these objections, see DEF000385–DEF053686.

**REQUEST NO. 49**:  All documents and communications evidencing or concerning your beliefs or statements, if any, that Boxabl was going to fail and go bankrupt.

**RESPONSE TO REQUEST NO. 49**: This request seeks irrelevant information as it asks for "all documents and communications evidencing or concerning your beliefs or statements, if any, that Boxabl was going to fail and go bankrupt."  Defendant was Boxabl's controller, whose duties included working on Boxabl's financial operations.  As written, this request would require Defendant to search for and produce documents that have no relation to the subject matter of this case, rendering it unduly burdensome and overbroad.  The request also contains no timeframe.

  Without waiving these objections, see DEF000385–DEF053686.

**REQUEST NO. 50**: All documents and communications evidencing or concerning your dissemination of information regarding the financial or operational activities of Boxabl to any Boxabl employees or third parties.

**RESPONSE TO REQUEST NO. 50**: The complaint is limited to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023. See ECF No. 43 at ¶¶ 6, 7, 10, 16. While this request targets this information in part, it is also overbroad in seeking other communications outside the relevant timeframe and with third parties. Therefore, Defendant interprets this request to be limited to refer to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023. This is the only relevant, and therefore discoverable, information under FRCP 26(b).

Without waiving these objections, see DEF000385–DEF053686. Defendant is in the process of reviewing his text messages from the relevant timeframe and will be producing non-protected texts.

**REQUEST NO. 51**: All documents and communications evidencing or concerning your dissemination of unfavorable facts or opinions about Boxabl to any Boxabl employees or third parties.

**RESPONSE TO REQUEST NO. 51**: The complaint is limited to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023. See ECF No. 43 at ¶¶ 6, 7, 10, 16. While this request targets this information in part, it is also overbroad in seeking other communications outside the relevant timeframe and with third parties. Therefore, Defendant interprets this request to be limited to refer to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023. This is the only relevant, and therefore discoverable, information under FRCP 26(b).

Without waiving these objections, see DEF000385–DEF053686.  Defendant is in the process of reviewing his text messages from the relevant timeframe and will be producing non-protected texts.

**REQUEST NO. 52**:  All documents and communications evidencing or concerning your dissemination of unfavorable facts or opinions about Boxabl employees, board members or other personnel, to any Boxabl employees or third parties.

**RESPONSE TO REQUEST NO. 52**: The complaint is limited to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  See ECF No. 43 at ¶¶ 6, 7, 10, 16.  While this request targets this information in part, it is also overbroad in seeking other communications outside the relevant timeframe and with third parties.  Therefore, Defendant interprets this request to be limited to refer to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  This is the only relevant, and therefore discoverable, information under FRCP 26(b).

Without waiving these objections, see DEF000385–DEF053686.  Defendant is in the process of reviewing his text messages from the relevant timeframe and will be producing non-protected texts.

**REQUEST NO. 53**:  All documents and communications evidencing or concerning any decisions by you or another employee at Boxabl to terminate your/his or her employment at Boxabl.

**RESPONSE TO REQUEST NO. 53**: The complaint is limited to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  See ECF No. 43 at ¶¶ 6, 7, 10, 16.  While this request targets this information in part, it is also overbroad in seeking other communications outside the relevant timeframe and with third parties.  Therefore, Defendant interprets this request to be limited to refer to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  This is the only relevant, and therefore discoverable, information under FRCP 26(b).

Without waiving these objections, see DEF000385–DEF053686.  Defendant is in the process of reviewing his text messages from the relevant timeframe and will be producing non-protected texts.

**REQUEST NO. 54**:  All other documents that are within your custody, possession or control and upon which you intend to rely in whole or in part, directly or indirectly, in connection with any claim or defense related to the above-captioned action.

**RESPONSE TO REQUEST NO. 54**: This request relates to the scope of the above-captioned action.  The complaint is limited to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  *See* ECF No. 43 at ¶¶ 6, 7, 10, 16.  However, as discussed in Defendant's Motion for Protective Order and to Quash Deposition Subpoenas, Boxabl apparently no longer intends to limit its case to what was deliberately pled in the complaint.  Therefore, Defendant interprets this request to be limited to refer to private conversations between Garman and other Boxabl employees within Boxabl's premises from September 30, 2022 to March 10, 2023.  This is the only relevant, and therefore discoverable, information under FRCP 26(b).  In addition, Boxabl has failed to produce any documents or communications references in the complaint, despite being the plaintiff.  Forcing Garman to comply with discovery obligations that should belong to Boxabl is an undue burden.  *See* FRCP 26(c)(1).

Without waiving these objections, see DEF000385–DEF053686.  Defendant is in the process of reviewing his text messages from the relevant timeframe and will be producing non-protected texts.

DATED this 20th day of May, 2024.

HUTCHISON & STEFFEN, PLLC

*/s/ Shelby A. Dahl*

_____

David M. Doto (11796)
Robert E. Werbicky (6166)
Shelby A. Dahl (13856)

*Attorneys for Jonathan Garman*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to FRCP 5(b), I certify that I am an employee of HUTCHISON & STEFFEN, PLLC and that on this 20th day of May, 2024, I caused the document entitled RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS  to be served as follows:

        ☒      to be electronically served via email to the parties below; and/or

        ☒      to be placed in the U.S. Mail with pre-paid first-class postage; and/or

        ☐      to be faxed; and/or

        ☐      to be hand-delivered

to the attorneys listed below:

**Cara Sgobba**
Gordon Rees Scully Mansukhani
28 State Street, Suite 1050
Boston, MA 02109
Email: csgobba@grsm.com

**Lori N. Brown**
Gordon Rees Scully Mansukhani, LLP
2 North Central Ave., Ste. 2200
Phoenix, AZ 85004
Email: lbrown@grsm.com
Email: jgerblick@grsm.com

**Peter E. Strniste , Jr.**
Gordon & Rees LLP
95 Glastonbury Boulevard, Suite 206
Glastonbury, CT 06033
Email: pstrniste@grsm.com

The documents referenced can be downloaded from the following link:

https://hutchlegal.egnyte.com/dl/Iqf8bM1b7A

*/s/ Suzanne Morehead*
_____
An employee of Hutchison & Steffen, PLLC