# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BOXABL INC.,

　　　　　Plaintiff,

v.

JONATHAN GARMAN,

　　　　　Defendant.

Case No. 2:23-cv-01213-RFB-NJK

**Order**

[Docket No. 89]

　　　　Pending before the Court is Plaintiff's motion to disqualify opposing counsel, to exclude evidence and for sanctions. Docket No. 89. Defendant filed a response in opposition. Docket No. 95. Plaintiff filed a reply. Docket No. 98. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

## I.　BACKGROUND

　　　　On May 20, 2024, Defendant produced his responses to Plaintiff's first set of requests for production of documents. Docket No. 89 at 6. Among these documents, Plaintiff discovered at least 150 attorney-client privileged documents, "including attorney billing summaries, correspondence, emails, invoices and drafts of documents relevant to the ongoing litigation." *Id*. at 7.

　　　　On June 27, 2024, Defendant's counsel notified Plaintiff's counsel, Hutchison & Steffen ("H&S"), of the privilege issue and requested that H&S identify all other work product or privileged materials in its possession so that the parties could work through a procedure for protecting Plaintiff's protected material. Docket No. 89 at 8. H&S responded that it searched the document production and provided a spreadsheet listing the results. *Id*. Plaintiff submits that H&S "failed to affirmatively disclose the existence of the lion's share of these privileged documents," that the parties have continued to meet and confer about the privileged information, and that, while H&S has suggested a plan for identifying and redacting or destroying the documents, "the proverbial cat is already out of the bag." Docket No. 89 at 9. Plaintiff submits that H&S has had

1

access to a "full arsenal of [Defendant's] most sensitive litigation-related documents for two related cases they are litigating against [Plaintiff]. The genie cannot be returned to the bottle." *Id*. 9-10.

Defendant's opposition paints a different picture. Defendant submits that, knowing the documents belonged to Plaintiff, H&S produced all the documents without reviewing them first. Docket No. 95 at 1. Defendant states that H&S had reviewed only a fraction of the documents, and stopped reviewing when Plaintiff raised the issue of privilege. *Id*. at 2. Defendant submits three junior attorneys, Hannah Rogers, Christine Davies, and Christian McKinnon, did not spend substantial time reviewing any of the documents, and instead created general logs.[1] *Id*. Defendant further submits that Attorney McKinnon reviewed 60 documents from the production that was cataloged, none of which is privileged or at issue.[2] *Id*. Defendant submits that Attorney Davies saw a draft arbitration agreement but neither reviewed it substantively or had any reason to know it was privileged, and she is not otherwise involved in the present matter or the Elhers matter.[3] *Id*. Defendant submits that Attorney Dahl saw the same draft only when Plaintiff's counsel sent it to her.[4] *Id*. Defendant further submits that Attorney Rogers saw some invoices to Plaintiff for legal work by Plaintiff's counsel but has no memory of their contents. *Id*. Defendant submits that no one working on the present case or the Ehlers case has seen any other privileged documents. *Id*.

Once Plaintiff raised the issue of privilege, Defendant submits that H&S stopped all document review and had a partner, Richard Wade, unrelated to the pending cases isolate all of Plaintiff's documents to an electronic file that only he could access so that he could identify privileged documents, assess the claims, and respond to the privilege allegations without "tainting any attorneys or the underlying proceeding." *Id*. Plaintiff's attorney sent an email to H&S

---

[1] The associates were not the partners or senior associates who are involved in the case; they were charged solely with reviewing the documents provided by Defendant. Docket No. 95-2 at 2.

[2] Attorney McKinnon no longer works for H&S. Docket No. 95-3.

[3] There is a pending state action between Gregory Ehlers and Plaintiff; Mr. Ehlers is also represented by H&S. Docket No. 89 at 4.

[4] Attorney Dahl is counsel on the present case.

2

outlining the actions it believed H&S and Defendant should undertake based on the privilege issue. Docket No. 95-6. H&S responded with alternative solutions. *Id*. Plaintiff then filed the instant motion. Docket No. 89.

## II.     STANDARDS

"Disqualification is a drastic measure which courts should hesitate to impose except when absolutely necessary." *Hernandez v. Guglielmo*, 796 F. Supp. 2d 1285, 1289-90 (D. Nev. 2011).[5] "Courts deciding attorney disqualification motions are faced with the delicate and sometimes difficult task of balancing competing interests: the individual right to be represented by counsel of one's choice, each party's right to be free from the risk of even inadvertent disclosure of confidential information, and the public's interest in the scrupulous administration of justice. While doubts should generally be resolved in favor of disqualification, parties should not be allowed to misuse motions for disqualification as instruments of harassment or delay." *Nevada Yellow Cab Corp. v. Eighth Judicial Dist. Ct.*, 123 Nev. 44, 53 (2007). "Because of this potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (internal quotations and citations omitted).

The movant bears the burden of establishing facts to justify disqualification. *Hernandez*, 796 F. Supp. 2d at 1289. The concerns identified in the motion to disqualify must not be "merely anticipatory and speculative." *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 658 F.2d 1355, 1361 (9th Cir. 1981). "Given the seriousness of the matter, the movant has a 'high standard of proof to meet in order to prove that counsel should be disqualified.'" *Shahroki v. Harter*, No. 2:21-cv-01126-RFB-NJK, 2021 WL 4981565, at *2 (D. Nev. Oct. 26, 2021) (quoting *FLS Transp. Servs., Inc. v. Casillas*, Case No. 3:17-cv-00013-MMD (VPC), 2017 WL 6043611, at *3 (D. Nev. Dec. 6, 2017)).

---

[5] Federal courts apply state law to decide whether to disqualify a lawyer. *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). To the extent the Nevada Supreme Court has not addressed a particular issue pertinent to the pending motion, the Court must predict how it would rule using as guides intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements. *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 583 F.3d 1232, 1237 (9th Cir. 2009).

Trial courts are responsible for controlling the conduct of attorneys practicing before them. *Coles v. Ariz. Charlie's*, 973 F. Supp. 971, 973 (D. Nev. 1997). One particular tactic that courts must guard against is the improper receipt of confidential or privileged information through surreptitious means for litigation advantage. *See Mayorga v. Ronaldo*, Case No. 2:19-cv-00168-JAD-DJA, 2021 WL 4699254 (D. Nev. Oct. 6, 2021). Attorneys are expressly prohibited from using "methods of obtaining evidence that violate the legal rights" of other persons. Nev. R. Prof. Conduct 4.4(a); *see also* Local Rule IA 11-7(a) (applying Nevada Rules of Professional Conduct to attorneys practicing in this Court).

"Even where a violation of Rule 4.4 has occurred, however, disqualification is not automatic." *Rebel Comms., LLC v. Virgin Valley Water Dist.*, Case No. 2:10-cv-00513-LRH-GWF, 2011 WL 677308, at *13 (D. Nev. Feb. 15, 2011). "The significant question is whether there exists a genuine likelihood that the status or misconduct of the attorney in question will affect the outcome of the proceedings before the court." *McDermott Will & Emery LLP v. Superior Ct.*, 10 Cal. App. 5th 1083, 1120 (2017). Hence, a predicate for disqualification may be established where, "through improper means, there is a reasonable probability counsel has obtained information the court believes would likely be used advantageously against an adverse party during the course of the litigation." *Huston v. Imperial Credit Commercial Mortg. Inv. Corp.*, 179 F. Supp. 2d 1157, 1178 (C.D. Cal. 2001) (emphasis omitted); *see also in re Bona Fide Conglomerate, Inc.*, 728 Fed. Appx. 656, 659 (9th Cir. 2018) (unpublished).

### III.   ANALYSIS

The basis for Plaintiff's motion is that at least 150 attorney-client privileged documents were retained by Defendant and shared with H&S. Docket No. 89 at 7. Plaintiff has not established a clear violation of the governing rules. Instead, Plaintiff submits that H&S *may* have violated the Nevada Rules of Professional Conduct. Docket No. 89 at 10 (emphasis added). To obtain the disqualification that it seeks, Plaintiff must show more than mere access to confidential information. *Liapis v. Dist. Ct.*, 128 Nev. 414, 421 (2012). It must also present evidence establishing a reasonable probability that (1) counsel obtained information that (2) would likely be

4

used advantageously in the current litigation.[6] *Huston v. Imperial Credit Commercial Mortg. Inv. Corp.*, 179 F. Supp. 1157, 1178 (C.D. Cal. 2001).

In responding to the instant motion, Defendant has put forward four separate declarations from attorneys at H&S. Docket Nos. 95-2, 95-3, 95-4, 95-5. Those declarations attest that the documents at issue were reviewed briefly by attorneys that are not working on the present case, the attorneys have no memory of the specific contents of the documents, none of the information in the documents was shared with other individuals at H&S, and the rest of the documents were sealed off. *Id*.

Attorney Wade attests that, after the instant motion was filed, he conducted a review of which documents H&S attorneys had viewed to date to see if they were privileged. Docket 95-3 at 3. He submits that he did review some privileged material to 1) to determine and log documents that need to be removed so that Defendant and H&S will have no access to them, and 2) respond to the allegations in the present motion. *Id*. As to the documents at issue, Attorney Wade submits a thorough declaration evidencing who saw which documents and what they contained, and identified other documents that could potentially be privileged that no one at H&S had seen. *See* Docket 95-3 at 2-4.

Plaintiff has advanced no competing evidence. Instead, Plaintiff submits that H&S has had the documents for over thirteen months in the case and either "H&S has lackadaisically defended this case, or H&S attorneys reviewed the documents in question, and in doing so, permanently tainted these proceedings." Docket No. 98 at 2. Having failed to provide any evidence on the issue and particularly given the declarations to the contrary, the Court finds that Plaintiff has not established a reasonable probability that information from Plaintiff's counsel was actually obtained by H&S. Disqualification is unwarranted based on this shortcoming. *Cf. Rebel Communications*,

---

[6] Plaintiff relies on the six-factor test as articulated in *Merits Incentives, LLC v. Eighth Jud. Dist. Ct. of State, ex rel. Cnty. of Clark*, 127 Nev. 689, 262 P.3d 720 (2011). Docket No. 89 at 13-20. However, the Supreme Court of Nevada acknowledged the list of factors is nonexhaustive and stated that the district court may consider other factors that are pertinent to the fact of each individual case. *Merits Incentives,* 127 Nev. 689, n.8. The Court finds *Liapis* and *Huston* to be instructive on analyzing a motion to disqualify counsel in situations concerning the disclosure of confidential information. *See Shahroki v. Harter*, 2021 WL 4981565 (D. Nev. Oct. 26, 2021).

5

2011 WL 677308, at *13 (denying motion to disqualify based on potential means to acquire confidential information where the attorney at issue expressly represented that he did not acquire any protected information and the movant submitted no evidence to the contrary).

Moreover, even if there were a basis to find a reasonable probability that information from the documents was actually obtained, Plaintiff has not established that such information would be likely used by H&S in the current litigation. Plaintiff simply states that H&S has knowledge and insight into Plaintiff's strategies and its views on the facts and merits of the case, and it is "reasonable to infer that H&S…used these privileged documents to make tactical decisions over the course of this case that have irreversibly tainted this litigation." Docket No. 89 at 12, 18. Plaintiff submits that H&S has made no statements and presented no evidence to suggest the contrary. *Id*. at 18. However, it is Plaintiff's burden to present evidence to show that H&S likely used these documents. *See Hernandez*, 796 F. Supp. 2d at 1289 (movant bears burden of establishing facts to justify disqualification). Hence, disqualification is also unwarranted based on this shortcoming.

Accordingly, sufficient grounds for disqualification of H&S have not been established. Plaintiff's motion to disqualify, to exclude evidence and for sanctions is **DENIED**. Docket No. 89.

IT IS SO ORDERED.

Dated: September 19, 2024

_____
Nancy J. Koppe
United States Magistrate Judge