UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BOXABL INC.,<br>    Plaintiff,<br>v.<br>JONATHAN GARMAN,<br>    Defendant. | Case No. 2:23-cv-01213-RFB-NJK<br>**Order**<br>[Docket Nos. 117] |

Pending before the Court is Defendant's motion to stay discovery pending resolution of his motion to compel arbitration. Docket No. 117; *see also* Docket No. 116 (motion to compel arbitration). Plaintiff filed a response in opposition. Docket No. 119. Defendant filed a reply. Docket No. 122. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

District courts enjoy wide discretion in controlling discovery, including in determining whether discovery should be stayed. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The movant bears the burden of showing that a stay of discovery is warranted. *See, e.g.*, *Shaughnessy v. Credit Acceptance Corp. of Nev.*, 2007 WL 9728688, at *2 (D. Nev. Nov. 28, 2007). A stay of discovery pending resolution of a motion to compel arbitration is appropriate when: (1) the pending motion is potentially dispositive; (2) the motion to compel arbitration can be decided without additional discovery; and (3) a magistrate judge has taken a "preliminary peek" at the underlying motion. *Cf. Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 (D. Nev. 2013). When the pending motion is one seeking to compel arbitration, a stay is appropriate when the preliminary peek reveals there is a reasonable possibility or probability that the district judge will compel arbitration. *See Shaughnessy*, 2007 WL 9728688, at *2–3 (granting motion to stay discovery based on, *inter alia*, the "reasonable possibility or probability that the District Judge will grant Defendant's motion to compel arbitration"). Courts frequently stay discovery pending resolution of a motion to compel arbitration. *See, e.g., Mahamedi IP L., LLP v. Paradice & Li*,

*LLP*, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (collecting cases).  The Court finds, after taking a preliminary peek, that the governing standards are met in the circumstances of this case.  *See Arik v. Meyers*, 2020 WL 515843 (D. Nev. Jan. 31, 2020).[1]

Accordingly, the motion to stay discovery is **GRANTED**.  In the event the motion to compel arbitration is not granted, an amended joint proposed scheduling order must be filed within 14 days of resolution of the motion to compel arbitration.

IT IS SO ORDERED.

Dated: August 29, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Conducting the preliminary peek puts a magistrate judge in an awkward position, as the assigned district judge may have a different view of its merits, and is not intended to prejudice the outcome of the underlying motion.  *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).  As such, the Court will not provide herein discussion of the merits of the motion to compel arbitration.